### BOWEN v. STRIBLING.

1. EVIDENCE—CASE—SUPREME COURT.—This Court cannot consider books introduced in evidence, and agreed by counsel to be submitted to the Court, because not incorporated in the "Case."
2. FINDINGS OF FACT by Circuit Judge sustained.
3. EVIDENCE.—Memorandum books kept by sawyers in running a mill, when properly proven, are admissible as evidence.
4. PARTNERSHIP—ESTOPPEL—APPEAL.—Defendant's attorneys having moved on Circuit to refer a case, because there was a partnership accounting, cannot raise the question on appeal that there was no partnership.

Before Aldrich, J., Walhalla, August, 1895.   Affirmed.

Action by O. A. Bowen against Jesse W. Stribling, for $234.40, amount alleged to be due him for lumber had and taken by defendant, more than his share, from a saw mill run by them.   The defendant denies that he has received more than his share of the lumber, and avers that the plaintiff is indebted to him in the sum of $130.38 for lumber, for which he has not accounted.   The other facts are stated in the opinion.   From the judgment of the Circuit Court the defendant appeals.

*Mr. J. W. Shelor*, for appellant, cites: *Partnership:* Chapman v. Lipscomb, 18 S. C., 222; 17 A. & E. Ency., 859, n. 2; 11 Id., 1068.   *Trust:* 10 Id., 2; Chapman v. Lipscomb, 27 A. & E. Ency., 166–9, 250.

*Messrs. Whitner & Simpson* and *R. T. Jaynes*, contra,

---

[1] This case was argued at November term, 1895.—REPORTER.

cite: *Evidence:* Gordon v. Arnold, 1 McC., 517; Exum v. Davis, 10 Rich., 360; 2 A. & E. Ency., 467m, 468; Smith v. Sanford, 12 Pick., 139; Rowland v. Barton, 2 How., 288; Smith v. Smith, 4 How., 332; Hall v. Field, Id., 533; Hooper v. Taylor, 39 Me., 229; Hendell v. Field, 14 Me., 230. *Partnership:* 17 A. & E. Ency., 831, 938, 971; Griffith v. Buffem, 22 Vt., 181; Story S., 387; Scott v. Montgomery, 9 S. C., 37. *Findings:* Kuker v. Carter, 42 S. C., 84; Knox v. Moore, 41 S. C., 360.

July 10, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover the sum of $234.40–100, alleged to be due the plaintiff by the defendant under an agreement relative to the sawing of lumber. The issues will be seen by reference to the complaint and answer. An order was made by his Honor, Judge Watts, referring all issues of law and fact to the master. The master made a report, in which he recommended that the complaint be dismissed. The plaintiff excepted to the report of the master.

When the case was heard upon the exceptions to the report of the master, his Honor, Judge Aldrich, reversed the findings of the master, and rendered judgment against the defendant for $175.94–100. The defendant appealed from said decree upon numerous exceptions.

The exceptions will not be considered *seriatim*, but under the following classification: *First.* Those complaining of error on the part of the presiding Judge in his findings of fact. *Second.* Those complaining of error on the part of the presiding Judge in his rulings relative to the admissibility of the books in evidence. *Third.* Those complaining of error on the part of the presiding Judge relative to the question of partnership between the parties.

This case was decided prior to the adoption of the Constitution of 1895, and will, therefore, be determined by this Court under the rule prevailing prior to the adoption of the Constitution of 1895, to wit: That the judgment of the

Circuit Court will not be reversed unless there is no testimony to support it, or it is against the manifest weight of the evidence.    *Mort. Co.* v. *Faulkner*, 45 S. C.

The plaintiff's and defendant's attorneys agreed, in writing, that the sawyers' books of plaintiff, marked "A" and "AA," also to the memorandum books of defendant, containing calculations of lumber by J. C. Gantt, should be submitted to the Justices of this Court for their personal inspection and examination.    The books cannot, however, be considered by this Court.    The statement of the case should contain within itself all that is necessary to be considered by this Court upon the hearing of a case on appeal, and this requirement is not fulfilled by an agreement such as that hereinbefore mentioned.    *In re Perry*, 42 S. C., 183; *Moore* v. *Perry*, 42 S. C., 369.    It was incumbent on the appellant to show that the decree of the Circuit Judge was erroneous.    He relied principally upon the testimony which this Court has ruled it cannot consider.

After a careful consideration, this Court is of the opinion that the findings of fact by the Circuit Judge are neither without testimony to support them nor against the manifest weight of the evidence.    The exceptions under the first head are, therefore, overruled.

We will next consider the second group of exceptions, complaining of error on the part of the presiding Judge in his rulings relative to the admissibility of the books in evidence.    His Honor, Judge Aldrich, quoted from the cases of *Gordon* v. *Arnold*, 1 McC., 517, and *Exum* v. *Davis*, 10 Rich., 360, to sustain his ruling that the books were admissible in evidence.    He then says: "In this instance, the miller or sawyer made entries, and swore to their correctness.    Something is said in the answer, and questions were asked of witnesses about the competency of the millers or sawyers to keep these books.    They did keep them, and the books speak for themselves.    There is nothing the matter with the books, and from the manner in which

the sawyers stood a protracted and rigid examination as witnesses, I am inclined to think that they were fully competent to keep them." We see no error on the part of the presiding Judge in his rulings touching the admissibility of the books in evidence. The exceptions under the second head are also overruled.

The last group of exceptions to be considered are those relative to the question of partnership between the parties. In the order of reference made by his Honor, Judge Watts, we find the following: "Upon hearing the pleadings in the above stated action, and upon motion of Stribling & Shelor, defendant's attorneys, and it appearing that this action is for the settlement of an accounting of a partnership, and a long accounting is necessary between the parties, which is an equitable action, and after hearing argument *pro* and *con.,*" &c., the defendant's attorneys made the motion to have the case referred, on the ground that there was a *partnership* necessitating such reference. They cannot now raise the question that there was no *partnership*. The exceptions under this head are also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.